IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Mod Stack LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Fuze, Inc.,**<br><br>    Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mod Stack LLC ("Mod Stack"), through its attorneys, complains of Fuze, Inc. ("Fuze"), and alleges the following:

### PARTIES

1. Plaintiff Mod Stack LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W. Park Rd, Ste 149-1005, Plano, Texas 75093.

2. Defendant Fuze, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 2 Copley Place, Floor 7, Boston, Massachusetts 02116.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Mod Stack has suffered harm in this district.

## PATENT-IN-SUIT

7. Mod Stack is the assignee of all right, title and interest in United States Patent No. 7,460,520 (the "'520 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Mod Stack possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '520 Patent

8. The '520 Patent is entitled "Apparatus and Method for Using Multiple Call Controllers of Voice-Band Calls," and issued 12/2/2008. The application leading to the '520 Patent was filed on 6/18/2003, which ultimately claims priority from provisional application number 60/427,804, filed on 11/20/2002. A true and correct copy of the '520 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '520 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '520 PATENT

10. Mod Stack incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '520 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Fuze products identified in the charts incorporated into this Count below (among the "Exemplary Fuze Products") that infringe at least the exemplary claims of the '520 Patent also identified in the charts incorporated into this Count below (the "Exemplary '520 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '520 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '520 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '520 Patent. On information and belief, Defendant has also continued to sell the Exemplary Fuze Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '520 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '520 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '520 Patent, literally or by the doctrine of

equivalents, by selling Exemplary Fuze Products to their customers for use in end-user products in a manner that infringes one or more claims of the '520 Patent.

16. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '520 Patent, literally or by the doctrine of equivalents, by selling Exemplary Fuze Products to their customers for use in end-user products in a manner that infringes one or more claims of the '520 Patent. Moreover, the Exemplary Fuze Products are not a staple article of commerce suitable for substantial noninfringing use.

17. Exhibit 2 includes charts comparing the Exemplary '520 Patent Claims to the Exemplary Fuze Products. As set forth in these charts, the Exemplary Fuze Products practice the technology claimed by the '520 Patent. Accordingly, the Exemplary Fuze Products incorporated in these charts satisfy all elements of the Exemplary '520 Patent Claims.

18. Mod Stack therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19. Mod Stack is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Mod Stack respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Mod Stack respectfully requests the following relief:

A. A judgment that the '520 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '520 Patent;

C.     An accounting of all damages not presented at trial;

D.     A judgment that awards Mod Stack all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Mod Stack for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Mod Stack be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that Mod Stack be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Mod Stack be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 30, 2020         Respectfully submitted,

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
800 N. West Street, Third Floor
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

Isaac Rabicoff
(*Pro Hac Vice admission pending*)

**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Mod Stack LLC**